UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| LISA KNIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 25-3171 |
| | ) | |
| RISHA FENNELL, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

### **MERIT REVIEW ORDER**

Plaintiff, proceeding pro se and presently incarcerated at Logan Correctional Center, was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Id.

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are

insufficient—the facts alleged must "state a claim for relief that is plausible on its face." Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## Allegations

Plaintiff alleges that she suffered an "open area/wound" on her left inner ankle from work boots the prison had provided. She alleges that the wound required daily bandage changes that she apparently did not receive, that Defendant Fennell failed to prescribe effective medication to prevent infection, and that Defendant Henze failed to see her for necessary appointments, discontinued effective pain medication, removed her from treatment before the wound had fully healed, and failed to send her to a specialist. Plaintiff alleges that she also suffers from Opiate Induced Hyper Algesia, a condition that exacerbates her pain.

## Analysis

Plaintiff states an Eighth Amendment claim against Defendants Fennell, Henze, Russell, and John/Jane Does. Petties v. Carter, 836 F.3d 722, 729-30 (7th Cir. 2016) (en banc).

Nothing in Plaintiff's allegations permits a plausible inference that the deprivation she suffered resulted from a Wexford Health

Sources policy, and, therefore, the Court finds that Plaintiff fails to state a claim against this defendant. Monell v. Dep't of Social Srvcs. of City of New York, 436 U.S. 658 (1978).

The Illinois Department of Corrections and Logan Correctional Center are not proper defendants under 42 U.S.C. § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) ("[N]either a State[,] nor its officials acting in their official capacities are "persons" under §1983."); See Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (holding the Cook County Jail was not a person under Section 1983). The Court will dismiss these defendants as well.

**Plaintiff's Motion for Counsel (Doc. 4)**

Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007).

Plaintiff has not shown that she made a reasonable effort to obtain counsel on her own. A plaintiff usually does this by attaching copies of letters sent to attorneys seeking representation and copies of any responses received. Because Plaintiff has not satisfied the first prong, the Court does not address the second. Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021). Plaintiff's motion is denied with leave to renew.

### Plaintiff's Motion to Add Defendant (Doc. 7)

Plaintiff seeks to add Centurion Healthcare as a defendant. Centurion is a private company that recently contracted with the Illinois Department of Corrections to provide healthcare within Illinois prisons, replacing Wexford Health Sources. As discussed above, no plausible inference arises that a policy caused the deprivations Plaintiff allegedly suffered, and Centurion was not the medical contractor at that time. The Court also does not accept piecemeal amendments. Plaintiff's motion is denied.

### Plaintiff's Motion for Emergency Injunction (Doc. 8)

Plaintiff seeks a court order directing medical officials to prescribe Suboxone for pain management. A preliminary injunction is "an extraordinary and drastic remedy, one that should not be

granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997); accord Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right"). To prevail, "the moving party must demonstrate: (1) a likelihood of success on the merits; (2) a lack of an adequate remedy at law; and (3) an irreparable harm will result if the injunction is not granted." Foodcomm Int'l v Barry, 328 F.3d 300, 303 (7th Cir. 2003) (citations omitted). If the moving party meets the first three requirements, then the district court balances the relative harms that could be caused to either party. Incredible Tech., Inc. v. Virtual Tech., Inc., 400 F.3d 1007, 1011 (7th Cir. 2005).

The Prisoner Litigation Reform Act (PLRA) limits the scope of the court's authority to enter an injunction in the corrections context. Westefer v. Neal, 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); see also

Westefer, 682 F.3d at 683 (the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prison officials have broad administrative and discretionary authority over the institutions they manage." (internal quotation marks and citation omitted)).

The purpose of a temporary restraining order and ultimately a preliminary injunction is to preserve the status quo pending a final hearing on the merits of the case. American Hospital Ass'n v Harris, 625 F.2d 1328, 1330 (7th Cir. 1980). The relief Plaintiff seeks here is different. The Seventh Circuit has described the type of injunction Plaintiff seeks, where an injunction would require an affirmative act by the defendant, as a mandatory preliminary injunction. Graham v. Med. Mut. of Ohio, 130 F.3d 293, 295 (7th Cir. 1997). Mandatory injunctions are "cautiously viewed and sparingly issued," because they require the court to command a defendant to take a particular action. Id. (citing Jordan v. Wolke, 593 F.2d 772, 774 (7th Cir. 1978)).

Inmates are entitled to adequate medical care under the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). To prevail, a plaintiff must show that the prison official acted with

deliberate indifference to a serious medical need. Id. at 105. Claims of negligence, medical malpractice, or disagreement with a prescribed course of treatment are not sufficient. See Petties v. Carter, 836 F.3d 722, 729-30 (7th Cir. 2016) (en banc); McDonald v. Hardy, 821 F.3d 882, 888 (7th Cir. 2016). The parties do not dispute that Plaintiff suffered from an objectively serious medical need.

    A prison official acts with deliberate indifference when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). A prison official's subjective awareness of a risk "is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." Id. at 842. Courts defer to treatment decisions made by medical professionals unless the evidence shows that "no minimally competent

professional would have so responded under those circumstances." Sain v. Wood, 512 F.3d 886, 894-95 (7th Cir. 2008).

A treatment decision permits an inference that the medical provider acted with deliberate indifference only when the decision constitutes "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." Petties, 836 F.3d at 729 (internal quotations omitted). Persisting in a course of treatment known to be ineffective, failing to follow an existing protocol, delaying treatment without penological justification, and refusing to follow a specialist's recommendations may permit an inference that a medical professional failed to exercise the appropriate judgment. Id. at 729-30.

Defendants have not been served in this case, and Plaintiff has not shown why service should not be required. The Court accordingly lacks authority under the Federal Rules to grant the injunctive relief she seeks. Fed. R. Civ. P. 65(a)-(b). Plaintiff also has not shown that Defendant Henze's decision to discontinue her medication lacked the exercise of medical judgment required under

the Eighth Amendment, and Plaintiff's disagreement with the course of action provided is not sufficient to impose liability. Arnett v. Webster, 658 F.3d 742, 754 (7th Cir. 2011) ("[A]n inmate is not entitled to demand specific [medical] care."); Snipes v. DeTella, 95 F.3d 586, 592 (7th Cir. 1996) (a mere disagreement with the course of treatment, standing alone, is not sufficient to attach constitutional liability). The Seventh Circuit has repeatedly rejected claims based on a plaintiff's preference for a certain medication. Lockett v. Bonson, 937 F.3d 1016, 1024 (7th Cir. 2019). The Court finds that Plaintiff has failed to show a reasonable likelihood of success on the merits. Plaintiff's motion is denied.

    The Court will nonetheless forward Plaintiff's complaint, motion, and a copy of this Order to the warden at her place of incarceration to alert them of her issues.

**IT IS THEREFORE ORDERED:**

    **1. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states an Eighth Amendment claim against Defendants Fennell, Henze, Russell, and John/Jane Does. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.**

2.  This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give notice to the defendants and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.

3.  The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.

4.  With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

5.  The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

6.  This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel

will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

      7.    Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

      8.    The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

      9.    If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

      10.    The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

      11.    The clerk is directed to terminate Wexford Health Sources, Inc., Logan Correctional Center, and Illinois Department of Corrections as defendants.

**12.   The clerk is directed to attempt service on Risha Fennell, M. Henze, and Shelbi Russell pursuant to the standard procedures.**

**13.   Plaintiff's Motion to Request Counsel [4] is DENIED with leave to renew.**

**14.   Plaintiff's Motions [7][8] are DENIED.**

**15.   Clerk is directed to send a copies of Plaintiff's complaint [1], her Motion for Emergency Injunction [8], and this Order to the warden at Plaintiff's place of incarceration.**

Entered this 18th day of September, 2025.

*s/Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE